HAWTPIORNE, Justice.
In this proceeding the plaintiff, Roy O.. Martin, Lumber Company, Inc., seeks to have quieted and confirmed its .tax title to. an undivided n/i8 interest in the NW % of Section 25, Township 6 North, Range 2 East, acquired by it at tax sale on May 1, 1943. The property was assessed in the name of the defendant A. W. Baird on the tax rolls of the Parish of Grant and was sold by the sheriff of that parish at tax sale for the unpaid taxes for the year 1942. There was judgment for plaintiff as prayed for, and the defendant has appealed.
Appellant contends that the property acquired by plaintiff-appellee at tax sale lies partly in the Parish of Grant and partly in the Parish of Rapides, and that under the law of this state, R.S. 47:1952, the assessor of the Parish of Grant had no right to assess for taxes that part of the property in Rapides Parish, and that the sheriff of Grant Parish had no power or authority to sell that portion of the property in Rapides Parish under an assessment made in the Parish of Grant.
On December 9, 1901, the State of Louisiana issued a patent to Mrs. M. L. Cockerille for this property, wherein it was described as being located in the Parish of Grant. • This patent was not recorded until September 12, 1941. In 1913 the succession of Mrs. Martha L. Cockerille, the patentee, was opened in the Parish of Rapides by her daughter, Miss Martha D. Cockerille. In her petition she alleged that her mother died possessed of no real estate in Rapides Parish but owned 160' acres of land in the Parish of Grant. Thereafter, on November 22, 1941, the daughter sold an undivided interest in the property to the de *17 fendant A. W. Baird by deed in which she recited that she had acquired the property by inheritance from her mother, Mrs. Martha L. Cockerille. The property was described as follows:
“The Northwest Quarter (NW)4) of Section 25, Township 6 North, Range 2 East, situated in Grant Parish and/or Rapides Parish, Lotdsiana, and containing One Hundred Sixty Two and 2i/ioo (162.24) acres, more or less, which property was acquired by Martha L. Cockerille by patent from the State of Louisiana, dated December 9th, 1901, recorded in Conveyance Book 67, Page 526, Conveyance Records of Grant Parish, Louisiana, and in Conveyance Book 260, Page 332 of the Records of Rapides Parish, Louisiana * * (All italics ours.)
According to the record, this property was first assessed for taxes in 1942, and was placed on the assessment roll for that year in the Parish of Grant in the name of the defendant and owner of record, A. W. Baird. This delay in assessment was due to the fact that the patent was not recorded until 1941, the year in which the defendant acquired his interest in the property. The taxes .were not paid by the tax debtor Baird, and the property was sold by the sheriff and ex-officio tax collector and purchased by the plaintiff. Since this sale the property has continued to be assessed in the Parish of Grant and since 1944 has been ass’essed in the name of Roy O. Martin Lumber Company, Inc., the plaintiff, and all taxes due under these assessments have been paid in that parish.
According to a certificate of the assessor of Rapides Parish, there was no assessment of this property on the rolls in that parish in the name of A. W. Baird for the years 1942 to 1945, inclusive, but it was assessed in the name of Baird for the years 1946 to 1952, inclusive. However, the record does not disclose that any taxes were ever paid to the sheriff and ex-officio tax collector of that parish under these assessments.
The boundaries of Grant Parish were established by Section 2 of Act No. 82 of 1869, and as between this parish and the Parish of Rapides the line is described as "Commencing at a point on Red river where the Daro empties into said river, and thence running east to the point where Little river empties into Catahoula Lake”. It is appellant’s contention that this line as fixed by the act of the Legislature divides or runs through the NW *4 of Section 25, and that the sale made by the sheriff of Grant Parish as to that part of the tract lying in Rapides Parish is null under R.S. 47:1952. This statute provides that all property subject to taxation shall he placed upon the assessment rolls in the respective parishes or districts where situated, and, “When a line between two parishes divides a tract of land, or plantation, each portion shall be assessed in the parish in which it lies * * *. When the lines of parishes are in dispute as to their real location, the lines as shown by ‘Hardee’s Map’ of 1895, shall be the lines for assessment purposes and the parish or *19 parishes affected thereby shall be governed by such lines unless a court having competent jurisdiction shall decree otherwise”.
By Hardee’s Map of 1895 the property in question is located in the Parish of Grant. If there exists a dispute, therefore, as to the real location on the ground of the boundary between these parishes, the line as shown by this map placing the property in the Parish of Grant is accepted for assessment purposes, and the parishes affected thereby shall be governed by this line unless a court having competent jurisdiction has decreed otherwise. We must determine whether there is a dispute as to the real location of the line, because, if there is, the property was correctly assessed in Grant Parish and correctly. sold by the sheriff of that parish at tax sale for non-payment of the 1942 taxes.
Appellant argues that the parish line as shown on the Hardee map is incorrect, inaccurate, vague, and indefinite, and that according to certain quadrangle maps made by the Corps of Engineers of the War Department in cooperation with the United States Coast and Geodetic Survey the greater portion of the property lies in the Parish of Rapides.
We are not called upon in the instant case to determine the location on the ground of the boundary line between the Parishes of Grant and Rapides. The ascertaining and fixing on the ground of such boundary can only be done by the parishes involved pursuant to R.S. 50:221 et seq. It is well settled that the fixing and defining of the boundary line between two parishes is a legislative function, and that the interpretation of a statute so fixing these boundaries is a judicial function. This suit is not one requiring an interpretation of the statute fixing the boundary line between these two parishes.
There is no evidence in the record that any survey has been made on the ground of the line between these two parishes as fixed and defined by the Legislature. According to- the parish surveyor of Rapides Parish, the location of the line between these two parishes is indefinite throughout its entire length because it is impossible to determine the point where Little River ceases to be a river and becomes Catahoula Lake. Even in the quadrangle map relied upon by defendant-appellant at least a portion of the line is marked “Parish Line Indefinite”. Under these facts there is no question that the real location, or the location on the ground, of the line between these parishes is indefinite and uncertain in the area where this property lies. Accordingly it was the duty of the assessor of Grant Parish under the law to be guided by Hardee’s Map of 1895 and assess the property for taxation in that parish.
The object and purpose of the statute in providing that Hardee’s Map of 1895 should govern for the purposes of assessment where parish lines are in dispute as to their real location was to make certain that the same property would not be assessed in two parishes. We think that the line in the instant case is in dispute *21 within the meaning of the statute. The whole property was assessed in both parishes. The patent w6.s recorded in both parishes. Hardee’s map and the government' quadrangle map show different locations of the line in question, and the property has been variously described, in the patent and other documents, as being located in the Parish of Grant and in Grant Parish “and/or” Rapides Parish. Under these circumstances the assessment of the property was properly made under the Hardee Map of 1895, and the judgment of the lower court quieting and confirming plaintiff’s tax title is correct.
For the reasons assigned, the judgment appealed from is affirmed, appellant to pay all costs.